IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 00-83-02 T |
| | : | |
| FRANK E. CORRENTE | : | |

## MOTION TO CORRECT JUDGMENT

Defendant Frank E. Corrente hereby moves this Honorable Court, pursuant to the

provisions of F.R.Crim.P. 36, that the Amended Judgment be corrected to delete the

special condition of supervision appearing on page 5 thereof.

Respectfully submitted,
FRANK E. CORRENTE,
By His Attorney

Anthony M. Traini #4793
56 Pine Street-Suite 2
Providence, RI 02903
Tel.    (401) 621-4700
Fax    (401) 621-5888

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2005, I served a copy of the foregoing

pleading by mail, postage prepaid, upon:

Richard Rose, Esquire
Terrence Donnelly, Esquire
United States Attorney's Office
The Fleet Center
50 Kennedy Plaza – 8th Floor
Providence, RI  02903
Counsel for the United States

Anthony M. Traini

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA            :
                                    :
    VS.                             :            CR. No. 00-83-02 T
                                    :
FRANK E. CORRENTE                   :


## MEMORANDUM IN SUPPORT OF MOTION TO CORRECT JUDGMENT

Defendant Frank E. Corrente has moved this Honorable Court, pursuant to the

provisions of F.R.Crim.P. 36, that the Amended Judgment be corrected to delete the

special condition of supervision appearing on page 5 thereof.  In support thereof, the

defendant submits the following:

1.      On September 6, 2002, Defendant was sentenced by this Court upon his

conviction for various offenses, the sentence imposed appearing as described in Docket

Entry 604, a copy of which is attached hereto as Exhibit A.

2.      On September 25, 2002, the original Judgment was entered on the docket

of this court as appears in Docket Entry 626, a copy of which is attached hereto as

Exhibit B.  The Original Judgment itself is attached hereto as Exhibit C.

3.      Following remand by the Court of Appeals [see Exhibits D-1 (U.S. Court

of Appeals for the First Circuit No. 02-2159, Docket Entries April 5, 2005), and D-2

(U.S. District Court Docket Entries 667 and 669)], this Court, on June 15, 2005,

resentenced the defendant.  A copy of the Amended Judgment is attached hereto as

Exhibit E.

1

4.    At the defendant's original sentencing on September 6, 2002, the Court did not include in the sentence any requirement of community service as a special condition of supervision [see, Tr., 9/6/02, at 47:16 through 48:5 (attached as Exhibit F)]. In fact, there were no special conditions of supervision imposed (i.e., there was no attachment to page 4 of Exhibit C).

5.    The Amended Judgment (Exhibit E), includes as a special condition of supervision a requirement that the defendant "perform 75 hours of community service as directed by the probation officer" (see, Exhibit E, p. 5).

6.    The transcript of the resentencing proceedings of June 15, 2005 indicates that in imposing the special condition of supervision requiring the performance of community service, the Court believed that this was a condition of the original sentence imposed on September 6, 2002, and that the Court intended to re-impose the same sentence on June 15, 2005 that it had previously imposed on September 6, 2002 [Tr., 6/15/05, at 40:16-25 (attached as Exhibit G)], with the exception of a reduction of 7 months in the incarcerative portion of the sentence.

7.    Likewise, the docket entries of the resentencing on June 15 do not reflect the imposition of the special condition of probation that appears in the Amended Judgment (see Docket Entries 693 [attached as Exhibit H-1] and 698 [attached as Exhibit H-2]).

8.    It therefore appears that the inclusion in the Amended Judgment of the special condition of probation requiring the performance of community service was the result of an oversight or error by the court.

2

It is well established that the District Court, pursuant to Rule 36, has not only the power, but the duty to correct errors in the record of a criminal case. See, United States v. Vecchiarello, 536 F.2d 420, 425 (D.C.Cir. 1976). Rule 36 has been employed in similar situations to correct discrepancies between the Judgment and another portion of the record, or other factual inaccuracy. See, United States v. Claudio, 44 F.3d 10, 16 (1st Cir. 1995).

WHEREFORE, the defendant respectfully moves that the Amended Judgment be corrected to delete the special condition of supervision appearing on page 5 thereof.

Respectfully submitted,
FRANK E. CORRENTE,
By His Attorney,

Anthony M. Traini #4793
56 Pine Street-Suite 2
Providence, RI 02903
Tel.    (401) 621-4700
Fax    (401) 621-5888

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2005, I served a copy of the foregoing pleading by mail, postage prepaid, upon:

Richard Rose, Esquire
Terrence Donnelly, Esquire
United States Attorney's Office
The Fleet Center
50 Kennedy Plaza – 8th Floor
Providence, RI  02903
Counsel for the United States

Anthony M. Traini

3

| 09/06/2002 | | Sentencing held Frank E. Corrente (2) count(s) 1s, 2s, 5s, 17s, 18s, 19s before J. Torres. Crt Rprtr: Judith Montie; Govt: Richard Rose and Terrence Donnelly; Deft: C. Leonard O'Brien; and Probation: Anthony Matarese. Deft. was convicted by a jury. Deft. and counsel have reviewed PSR and have objections. There are two packages of letters that will be appended to the PSR. One consists of family members and doctors and will not be made available to the public. The other package will be made available to the public, except, however, addresses and telephone numbers will be deleted from those letters. Govt. objects to the guideline level. Deft. objects to 3 level increase for deft.'s role in offense and 2 level increase for abuse of position of trust Rose argues for govt. After hearing arguments, Court finds it appropriate to increase RICO base offense level by 3 and 2 levels for abuse of a position of trust. Court finds the applicable range to be: NOL: 26; CH: I; and GR: 63-78 mos. There is a 60 mos. statutory maximum as to Count 5. Court proceeds to allocution. Govt. makes its sentencing recommendation and requests the Court to append the forfeiture order to the judgment. Court imposes sentence. Deft. is sentenced to 63 mos. imp. as to Counts 1, 2, 7, 18 and 19 and 60 mos. as to Count 5, all counts to run concurr. with each other; 2 yrs. super. rlse.. Court recommends deft. be assigned to institution that can monitor and treat his heart and blood pressure condition. $75,000 fine imposed; special assessment $600.00 ($100.00 each count). Court advises deft. of right to appeal. Govt. does not object to voluntary surrender. Deft. shall voluntarily surrender on October 11, 2002 at 12:00 p.m. Court continues deft. on bail as previously set. Deft. moves for bail pending appeal. Court denies deft.'s motion. (Mercurio, A) (Entered: 09/06/2002) |
| 09/06/2002 | 604 | Minute entry as to Frank E. Corrente : Sentencing held before J. Torres. (Mercurio, A) (Entered: 09/06/2002) |

EXHIBIT A

| 09/25/2002 | 626 | JUDGMENT as to Frank E. Corrente (2) count(s) 1s, 2s , 17s , 18s , 19s . 63 mos. imprison., 2 yrs. super rlse. All terms of imprison. and super. rlse. to run concurr. w/ each other. Court recommends to BOP that deft. be assigned to institution that can monitor his heart condition and blood pressure. Deft. shall surrender to BOP designation before 12:00 p.m. on October 11, 2002. $100.00 special assess. each count and $75,000.00 fine imposed. Deft. shall forfeit all of deft.'s interest in the $250,000 received by Friends of Cianci from members of the Providence Tow Association pursuant to Memorandum and Preliminary Forfeiture Order dated August 8, 2002. , Frank E. Corrente (2) count(s) 5s. 60 mos. imprison., 2 yrs. super rlse. Term of imprison. and super. rlse. to run concurr. w/ Counts 1, 2, 17, 18, and 19. Court recommends to BOP that deft. be assigned to institution can monitor his heart condition and blood pressure. Deft. shall surrender to BOP designation before 12:00 p.m. on October 11, 2002. $100.00 special assess. each count and $75,000.00 fine imposed. Deft. shall forfeit all of deft.'s interest in the $250,000 received by Friends of Cianci from members of the Providence Tow Association pursuant to Memorandum and Preliminary Forfeiture Order dated August 8, 2002. , Frank E. Corrente (2) count(s) 3s, 4s , 8s , 9s , 20s -21s , 22s , 23s -24s . Not guilty pursuant to jury verdict of 6/24/02. , Frank E. Corrente (2) count(s) 7s, 16s , 29s , 30s . Dismissed upon motion of defendant. , Frank E. Corrente (2) count(s) 6s. Dismissed upon motion of the government (order entered 2/19/02 Doc. #300) , Frank E. Corrente (2) count(s) 1, 2 -3 , 4 , 5 -6 , 7 , 8 -9 . Dismissed upon filing of Superseding Indictment on 4/2/01. ( Signed by Judge Ernest C. Torres ) (mailed to counsel of record) (Mercurio, A) (Entered: 09/25/2002) |

EXHIBIT B

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 1

# United States District Court
## District of Rhode Island

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **FRANK E. CORRENTE** | |

Case Number:  **1:00CR00083-02T**

C. Leonard O'Brien, Esquire
Defendant's Attorney

## THE DEFENDANT:

[ ]  pleaded guilty to count(s): ___ .

[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.

[✔]  was found guilty on count(s) **1, 2, 5, 17, 18, and 19 of the Superseding Indictment** after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through 6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔]  The defendant has been found not guilty on count(s)  **3, 4, 8, 9, 20 through 24 of the Superseding Indictment**  and is discharged as to such count(s).

[✔]  Count(s) dismissed on motion of the defendant:   **7, 16, 29 and 30 of the Superseding Indictment** .

[✔]  Count(s) dismissed on motion of the United States:   **6 of the Superseding Indictment** .

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| Defendant's Soc. Sec. No.:  ███████ | **September 6, 2002** |
| | Date of Imposition of Judgment |
| Defendant's Date of Birth:  ████ | |
| | *Ernest C. Torres* |
| Defendant's USM No.:  **04896-070** | Signature of Judicial Officer |
| Defendant's Residence Address: | |
| **One Dean Ridge Boulevard** | **ERNEST C. TORRES** |
| **Cranston, RI 02920** | **Chief Judge** |
| | Name & Title of Judicial Officer |
| Defendant's Mailing Address: | |
| **One Dean Ridge Boulevard** | 9/25/02 |
| **Cranston, RI 02920** | Date |

EXHIBIT C

626

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 1

| CASE NUMBER: | **1:00CR00083-02T** | Judgment - Page 2 of 6 |
|---|---|---|
| DEFENDANT: | **FRANK E. CORRENTE** | |

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1962(d) | RICO Conspiracy | December 1999 | 1 |
| 18 USC §§ 1962(c), 2 | RICO | December 1999 | 2 |
| 18 USC §§ 371, 666(a)(1)(B) | Conspiracy to Commit Federal Bribery | October 1999 | 5 |
| 18 USC §§ 1951(a), 2 | Attempted Extortion | December 3, 1998 | 17 |
| 18 USC §§ 1951(a), 2 | Attempted Extortion | January 7, 1999 | 18 |
| 18 USC § 1951(a) | Conspiracy to Commit Extortion | October 1998 | 19 |

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 2 - Imprisonment

CASE NUMBER:      1:00CR00083-02T                                      Judgment - Page 3 of 6
DEFENDANT:        FRANK E. CORRENTE

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of
Prisons to be imprisoned for a total term of <u>63 months as to Counts 1, 2, 17, 18 and 19 and 60 months as to
Count 5, all terms of imprisonment to run concurrently with each other</u> .

[✔]     The court makes the following recommendations to the Bureau of Prisons:

   **The Court recommends that defendant be assigned to an institution that can monitor his heart condition
   and blood pressure.**

[ ]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ____ on ____.
        [ ] as notified by the United States Marshal.

[✔]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of
Prisons:
        [✔] before <u>12:00 p.m.</u> on <u>October 11, 2002</u>.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                              _____
                                                       UNITED STATES MARSHAL


                                      By      _____
                                                    Deputy United States Marshal

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: **1:00CR00083-02T** | Judgment - Page 4 of 6 |
| DEFENDANT: **FRANK E. CORRENTE** | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years on each count, to run concurrently with each other.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✔]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 5, Part B - Criminal Monetary Penalties

| CASE NUMBER: | 1:00CR00083-02T | Judgment - Page 5 of 6 |
|---|---|---|
| DEFENDANT: | FRANK E. CORRENTE | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $600.00 | $75,000.00 | |

[ ]   The determination of restitution is deferred until .  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| TOTALS: | | | |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement.  $_____

[✔]   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ]   the interest requirement is waived for the     [ ] fine and/or [ ] restitution.

    [ ]   the interest requirement for the     [ ] fine and/or     [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: | 1:00CR00083-02T |
| DEFENDANT: | FRANK E. CORRENTE |

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    [✔]  Lump sum payment of $75,600.00 due immediately, balance due

       [ ]  not later than _, or
       [ ]  in accordance with  [] **C**,  [] **D**, or [] **E**  below;  or

B    [ ]  Payment to begin immediately (may be combined with [] **C**,  [] **D**,  or [] **E**  below); or

C    [ ]  Payment in _ installments of $_ over a period of _, to commence _ after the date of this judgment; or

D    [ ]  Payment in _ installments of $_ over a period of _ , to commence _ after release from imprisonment to a term of supervision; or

E    [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

      Defendant Name, Case Number, and Joint and Several Amount:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[✔   The defendant shall forfeit the defendant's interest in the following property to the United States:

**All interest in the $250,000 received by Friends of Cianci from members of the Providence Tow Association (see Memorandum and Preliminary Forfeiture Order dated August 8, 2002).**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

4/5/05          ORDER entered by Judge Jeffrey R. Howard, Senior Judge
                Levin H. Campbell, and Senior Judge Norman H. Stahl. After
                consideration of the supplemental briefs filed by the
                parties, we vacate the sentences of the three defendants,
                Vincent A. Cianci, Jr., Frank E. Corrente, and Richard E.
                Autiello, and remand the action to the district court for
                resentencing pursuant to United States v. Booker, 125 S.
                Ct. 738 (2005). We intimate no view as to what sentences
                should be imposed on remand.          So ordered. [02-2158,
                02-2159, 02-2165, 02-2166, 02-2288] (turn) [02-2158 02-2159
                02-2165 02-2166 02-2288]

4/5/05          JUDGMENT entered. Consistent with  the court's opinion of
                August 10, 2004, the conviction of Frank E. Corrente is
                affirmed. After consideration of the supplemental briefs
                filed by the parties, we vacate the sentence of defendant
                Frank E. Corrente and remand the action to the district
                court for resentencing pursuant to United States v. Booker,
                125 S. Ct. 738 (2005). We intimate no view as to what
                sentence should be imposed on remand. [979082-1] [02-2159]
                (turn) [02-2159]

EXHIBIT D-1

| 04/07/2005 | 667 | CERTIFIED COPY OF AN ORDER as to Frank Corrente AFFIRMING the District Court's 8/10/04 conviction of Defendant Corrente; VACATING the sentence and REMANDING the action for resentencing as to Defendant Corrente (Julie Gregg, Operations Manager, 1st Circuit Court of Appeal) (Jackson, R) Modified on 04/07/2005 (Entered: 04/07/2005) |
| --- | --- | --- |
| 04/07/2005 | 669 | CERTIFIED COPY OF AN ORDER OF THE COURT entered in the 1st Circuit Court of Appeals on 4/5/05 as to Vincent A Cianci, Frank E. Corrente, Richard E Autiello VACATING the sentences of the three defendants Cianci, Corrente, and Autiello and REMANDING the action to the district court for resentencing (Julie Gregg, Operations Manager, 1st Circuit Court of Appeals) (Jackson, R) (Entered: 04/07/2005) |

EXHIBIT D-2

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case - Sheet 1                      (NOTE: Identify Changes with Asterisks(*))

# United States District Court
## District of Rhode Island

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| **FRANK E. CORRENTE** | Case Number:  **1:00CR00083-02T** |
| | USM Number:  **04896-070** |
| **Date of Original Judgment: SEPTEMBER 25, 2002** | |
| (or Date of Last Amended Judgment) | **Anthony Traini, Esquire** |
| | **C. Leonard O'Brien, Esquire** |
| | Defendant's Attorney |

**Reason for Amendment:**
[✓] Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))
[ ] Reduction of Sentence for Charged Circumstance (Fed. R. Crim. P. 35(b))
[ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
[ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

[ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
[ ] Direct Motion to District Court Pursuant to;
    [ ] 28 U.S.C. § 2255,    [ ] 18 U.S.C. § 3559(c)(7)
[ ] Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

[ ]    pleaded guilty to count(s): ___.
[ ]    pleaded nolo contendere to count(s) ___ which was accepted by the court.
[✓]    was found guilty on count(s) 1, 2, 5, 17, 18 and 19 of the Superseding Indictment after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✓]    The defendant has been found not guilty on count(s) 3, 4, 8, 9, 20 through 24 of the Superseding Indictment .

[✓]    Count(s) 7, 16, 29 and 30 of the Superseding Indictment [ ] is [✓] are dismissed on motion of the Defendant.

[✓]    Count(s) 6 of the Superseding Indictment [✓] is [ ] are dismissed on motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Attest to
True Copy
DAVID A. DIMARZIO

| |
|---|
| **June 15, 2005** |
| Date of Imposition of Judgment |
| *Ernest C. Torres* |
| Signature of Judicial Officer |
| **ERNEST C. TORRES** |
| **Chief Judge** |
| Name & Title of Judicial Officer |
| 6/24/05 |
| Date |

EXHIBIT E

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks(*))

| CASE NUMBER: | 1:00CR00083-02T | Judgment - Page 2  of 7 |
| DEFENDANT: | FRANK E. CORRENTE | |

## COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | COUNT |
| --- | --- | --- | --- |
| 18 USC § 1962(d) | RICO Conspiracy | December 1999 | 1 |
| 18 USC §§ 1962(c), 2 | RICO | December 1999 | 2 |
| 18 USC §§ 371, 666(a)(1)(B) | Conspiracy to Commit Federal Bribery | October 1999 | 5 |
| 18 USC §§ 1951(a), 2 | Attempted Extortion | December 3, 1998 | 17 |
| 18 USC §§ 1951(a), 2 | Attempted Extortion | January 7, 1999 | 18 |
| 18 USC §§ 1951(a) | Conspiracy to Commit Extortion | October 1998 | 19 |

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case - Sheet 2 - Imprisonment                  (NOTE: Identify Changes with Asterisks(*))

| | | |
|---|---|---|
| CASE NUMBER: | **1:00CR00083-02T** | Judgment - Page 3 of 7 |
| DEFENDANT: | **FRANK E. CORRENTE** | |

# IMPRISONMENT

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **56 months as to Counts 1, 2, 5, 17, 18 and 19, all terms of imprisonment to run concurrently with each other**. *The defendant is to receive credit for all the time served since the original sentence was imposed on September 6, 2002.

[√] The court makes the following recommendations to the Bureau of Prisons:

**That the defendant be placed in a facility that can treat and monitor his heart and blood pressure conditions.**

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

Amended J+C received at F.M.C. Devens

Defendant delivered on _06-15-05_ to _F.M.C. Devens_
at _Ager MA_, with a certified copy of this judgment.

_David L. Winn, Warden_
UNITED STATES MARSHAL

By _____, CTS
Deputy United States Marshal

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case – Sheet 3 – Supervised Release          (NOTE: Identify Changes with Asterisks(*))

| | |
|---|---|
| CASE NUMBER: | **1:00CR00083-02T** | Judgment - Page 4 of 7 |
| DEFENDANT: | **FRANK E. CORRENTE** | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years on each count to run concurrently with each other** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

[✓]The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

[✓]The defendant shall cooperate with the collection of DNA as directed by the probation officer. (Check, if applicable)

[ ]The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)

[ ]The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or (3) modify the conditions of supervision.
These conditions have been read to me. I fully understand them and have been provided a copy.

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case - Sheet 3 - Supervised Release    (NOTE: Identify Changes with Asterisks(*))

| CASE NUMBER: | 1:00CR00083-02T | Judgment - Page 5 of 7 |
|---|---|---|
| DEFENDANT: | FRANK E. CORRENTE | |

(Signed)

_____     _____
Defendant                                      Date

_____     _____
US Probation Officer/Designated Witness                   Date

## SPECIAL CONDITION(S) OF SUPERVISION

In addition, the defendant shall comply with the following special condition(s):

1. The defendant shall perform 75 hours of community service as directed by the probation officer.

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case - Sheet 5, Part B - Criminal Monetary Penalties          (NOTE: Identify Changes with Asterisks(*))

| | |
|---|---|
| CASE NUMBER: | 1:00CR00083-02T |
| DEFENDANT: | FRANK E. CORRENTE |

Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $600.00 | $75,000.00 | $0.00 |

[ ]   The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| TOTALS: | | | |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement.  $_____

[✓]   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ]   the interest requirement is waived for the     [ ] fine and/or [ ] restitution.

[ ]   the interest requirement for the     [ ] fine and/or    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case - Sheet 6 - Schedule of Payments

| | |
|---|---|
| CASE NUMBER: | 1:00CR00083-02T |
| DEFENDANT: | FRANK E. CORRENTE |

Judgment - Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   [✓]  Lump sum payment of $75,600.00 due immediately.

        [ ] not later than _, or
        [ ] in accordance with  [] C,  [] D, [] E, or [] F below; or

B   [ ]  Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C   [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   []  Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [✓]  Special instructions regarding the payment of criminal monetary penalties:

        **Payment of all monetary penalties has already been satisfied.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[✓]  The defendant shall forfeit the defendant's interest in the following property to the United States: **All interest in the $250,000.00 received by Friends of Cianci from members of the Providence Tow Association (see Memorandum and Preliminary Forfeiture Order dated August 8, 2002).**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Transcript of Proceedings September 6, 2002

47

1   doesn't seem to me that your sentence should exceed the
2   sentence that was imposed on him. I found him to be
3   organizer and leader of this overall venture and
4   therefore it would be inappropriate for you to have a
5   lengthier sentence than he does. But more important to
6   me, the overwhelming consideration here is, that of your
7   age. I think you put your finger on it exactly when you
8   said that whatever sentence the Court imposes, will
9   likely be most of the rest of your life. You are 73
10  years old. You have a heart condition. You have had
11  previous heart surgery. You are being treated for high
12  blood pressure and it seems to me, I think it is clear,
13  that a sentence on someone your age in your situation
14  has a much different impact than a sentence on a younger
15  person.
16              So I hereby commit you to the
17  custody of the Bureau of Prisons on all counts 1, 2, 17,
18  18, and 19 for a period of 63 months and on count 5 for
19  a period of 60 months which is the statutory maximum for
20  that offense. Those sentences to be served concurrently
21  with one other. I ask the Clerk to note on the judgment
22  form the Court's recommendation that Mr. Corrente be
23  assigned to an institution that can monitor his heart
24  and blood pressure condition.
25              Following completion of your

EXHIBIT F

48

1    sentence I place you on supervised release for a period

2    of two years.  I impose a fine in the amount of $75,000

3    and a special assessment in the amount of $600, $100 on

4    each of the six counts of conviction.  You may be

5    seated, Mr. Corrente.

```
 1      sentence previously, Mr. Corrente, was 63 months.  And
 2      I hereby commit you to the custody of the Attorney
 3      General for a period of 56 months on each of the counts
 4      of conviction.  Those sentences to be served
 5      concurrently with one another, although -- counsel,
 6      help me a moment, is there a mandatory minimum on --
 7      maybe it's Count 5, I think has a 60-month --
 8              MR. TRAINI:  It's a cap, your Honor.
 9              THE COURT:  It's a cap.  It's a maximum?
10              MR. TRAINI:  It's a 60-month maximum on Count 5,
11      your Honor.
12              THE COURT:  All right.  The Court hereby commits
13      you to the custody of the Attorney General for a period
14      of 56 months on each of the counts of conviction, those
15      sentences to run concurrently with one another.
16      Following the completion of your sentence, I place you
17      on supervised release for a period of two years on the
18      same conditions that previously were imposed; namely,
19      that you spend 75 hours in community service in a
20      program to be determined by the probation officer.  I
21      also impose a fine in the amount of $75,000, special
22      assessments of $100 on each of the counts of conviction
23      for a total of $600, and also direct that an Order be
24      entered that you forfeit any interest that you may have
25      in Friends of Cianci, the properties and money of
```

EXHIBIT G

| 06/15/2005 | 693 | Minute Entry for proceedings held before Judge Ernest C Torres :Re-Sentencing held on 6/15/2005 for Frank E. Corrente (2), Count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, Dismissed upon filing of Superseding Indictment on 4/2/01.; Count(s) 16s, 29s, 30s, 7s, Dismissed upon motion of defendant.; Count(s) 17s, 18s, 19s, 1s, 2s, 5s, : 56 mos. imprison., 2 yrs. supervised rlse. All terms of imprison. and supervised rlse. to run concurrent with each other. Credit for time served. Court recommends to BOP that deft. be assigned to institution that can monitor his heart condition and blood pressure. Special assessment of $100.00 each count and $75,000.00 fine imposed. Payment of all monetary penalties has been satisfied. Deft. shall forfeit all of deft.'s interest in the $250,000 received by Friends of Cianci from members of th e Providence Tow Association pursuant to Memorandum and Preliminary Forfeiture Order dated August 8, 2002.; Count(s) 20s, 21s, 22s, 23s, 24s, 3s, 4s, 8s, 9s, Not guilty pursuant to jury verdict of 6/24/02.; Count(s) 6s, Dismissed upon motion of the government (order entered 2/19/02 Doc. #300). (Court Reporter Angela Reynolds.) (Leyva, Lucia) (Entered: 06/20/2005) |
|------------|-----|---|

EXHIBIT H-1

| 06/24/2005 | 698 | AMENDED JUDGMENT as to Frank E. Corrente (2), Count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, Dismissed upon filing of Superseding Indictment on 4/2/01.; Count(s) 16s, 29s, 30s, 7s, Dismissed upon motion of defendant.; Count(s) 17s, 18s, 19s, 1s, 2s, 5s, Re-sentencing on Remand: 56 mos. imprison., 2 yrs. supervised rlse. All terms of imprison. and supervised rlse. to run concurrent with each other. Credit for time served. Court recommends to BOP that deft. be assigned to institution that can monitor his heart condition and blood pressure. Special assessment of $100.00 each count and $75,000.00 fine imposed. Payment of all monetary penalties has been satisfied. Deft. shall forfeit all of deft.'s interest in the $250,000 received by Friends of Cianci from members of th e Providence Tow Association pursuant to Memorandum and Preliminary Forfeiture Order dated August 8, 2002.; Count(s) 20s, 21s, 22s, 23s, 24s, 3s, 4s, 8s, 9s, Not guilty pursuant to jury verdict of 6/24/02.; Count(s) 6s, Dismissed upon motion of the government (order entered 2/19/02 Doc. #300) . Signed by Judge Ernest C Torres on June 24, 2005. (Leyva, Lucia) (Entered: 06/24/2005) |

EXHIBIT H-2