IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No.00-083L |
| | ) | |
| FRANK E. CORRENTE | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT FRANK E. CORRENTE'S**
**MOTION TO CORRECT JUDGMENT**

Now comes the United States and hereby objects to defendant Frank E. Corrente's Motion to Correct Judgment under Fed. R. Crim. P. 36 for the reasons stated in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

TERRENCE P. DONNELLY
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 12th of January, 2006, I served a copy of the within Government's Objection To Defendant Frank E. Corrente's Motion to Correct Judgment, with accompanying Memorandum of Law, by mailing same, postage prepaid, to:

Anthony M. Traini, Esq.
56 Pine Street, Suite 2
Providence, RI 02903

Paulette E. Gamache

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No.00-083L |
| | ) | |
| FRANK E. CORRENTE | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT FRANK E. CORRENTE'S MOTION TO CORRECT JUDGMENT**

Defendant Frank E. Corrente has moved, pursuant to Fed. R. Crim. P. 36, to correct the judgment entered by this Court as a result of his re-sentencing on June 15, 2005. The defendant, even in the wake of having his sentence reduced by seven months, seeks to be relieved of his obligation to perform a mere 75 hours of community service.

The government does not dispute the facts as laid out in the defendant's Memorandum (with the exception of the assertions as to the state of mind of the Court, see ¶¶6, 8). It is clear that, when the defendant was first sentenced on September 6, 2001, the Court did not impose a special condition of community service. As the defendant's exhibits demonstrate, both the sentencing transcript and the signed judgment are in accord in that regard.[1] Likewise, after Corrente was re-sentenced on June 15, 2005, it was not a "clerical error" which led to the

---

[1] At several points, the defendant's Memorandum cites to docket entries made in the course of this case. As these entries are neither made nor approved by the Court, the government does not believe they assist in the resolution of this issue.

inclusion of 75 hours of community service on the amended judgment: as the transcript shows (Defendant's Exhibit G), the Court clearly intended to impose such a requirement. The judgment accurately reflects that fact.

Now the defendant seeks to be free of the community service requirement. The government objects, for the following reasons.

1. Rule 36 May Not Permit Such a Change at This Point. Rule 36 provides:

> [a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36. Obviously, this case does not present a case of a simple clerical error. Also, it does not appear that the Court made an erroneous calculation. In United States v. DeMartino, 112 F.3d 75 (2d Cir. 1997), the Second Circuit held that "Rule 36 ... does not authorize the court to amend the oral sentence itself or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence." Id. at 79. See also United States v. Thomas, 135 F.3d 873, 875 (2nd Cir. 1998) (Rule 36 does not authorize sentencing court to change a supervised release period to a probationary period); United States v. Robinson, 368 F.3d 653 (6th Cir. 2004) (sentencing judge's unintended omission of a period of supervised release did not justify, under Rule 36, the

court's amending the judgment to add a period of supervised release); United States v. Daddino, 5 F.3d 262, 264 (7th Cir. 1993) (Rule 36 "does not apply to errors made by the court itself").

The government acknowledges, however, that a reasoned argument can be made that the issue raised here falls somewhere between a raw clerical error and a substantive change in sentence. Further, in United States v. Claudio, 44 F.3d 10, 16 (1st Cir. 1995), the First Circuit, relying on an opinion by this Court, United States v. Crecelius, 751 F.Supp. 1035, 1037 (D.R.I. 1990), aff'd, 946 F.2d 880 (1st Cir.1991) (table), opined that Rule 36 was broad enough to allow a sentencing court to recalculate a sentence where underlying premise of time already served was incorrect.[2]

2. The Court's Intent. The question remains, then, what the Court's intention was on June 15, 2005, when it imposed the special condition. The defendant jumps to the conclusion that this Court's intent was to give the defendant the exact same sentence, minus the prison time reduction, as he did in 2001. It seems to the government that there are two additional and

---

[2] In Crecelius, this Court intended to give the defendant the lowest possible sentence under the sentencing guidelines. Therefore, and given the rules relating to the calculation of good time credits, the Court held that Rule 36 authorized the Court to amend its original sentence from 12 months to 12 months and one day. 751 F.Supp. at 1037.

equally plausible options. First, the Court may have intended to impose the condition of community service on September 6, 2001, but mistakenly omitted to do so. Second, the Court may have simply misspoke when it stated that it wished to impose "the same conditions that previously were imposed." If anything is clear, it seems obvious that at least on June 15, 2005, the Court wished to impose the community service requirement, and reaffirmed that desire when it signed the amended judgment on June 24, 2005.

3. The Merits. Given the magnitude of his crimes, and the harm to the community - in particular its trust in public officials - caused by this defendant, a short term of community service was wisely imposed by this Court. The appropriateness of such a requirement is self-evident. It is bizarre that, given the crimes he committed, and the recent mercy shown him by the Court, that he now complains of the imposition of a condition that only requires that he give slightly less than two standard work weeks to a worthy cause. By reducing the defendant's incarceration by seven months time, the Court gave him over 5000 hours of liberty: requiring him to spend a mere 75 hours of that time in the service of his community seems a small price to pay for the leniency shown him by this Court.

For all the foregoing reasons the defendant's Motion to Correct Judgment should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

TERRENCE P. DONNELLY
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 12th of January, 2006, I served a copy of the within Government's Objection To Defendant Frank E. Corrente's Motion to Correct Judgment, with accompanying Memorandum of Law, by mailing same, postage prepaid, to:

Anthony M. Traini, Esq.
56 Pine Street, Suite 2
Providence, RI 02903

Paulette E. Gamache